

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 16, 1962

Mr. Jerry Dellana
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. WW-1450

Re: (1) Whether a corporation
selling motor boats or
sporting goods, consist-
ing of articles not
specifically mentioned in
Article 286(a) V.P.C., is
prohibited from selling
same on Sunday.

(2) Whether Article 286(a)
applies to two separate
corporations desiring to
remain open on different
days -- one Saturday and
and one Sunday -- when
eighty (80%) per cent of
the stockholders of the
corporations are the
same, and related questions.

Dear Mr. Dellana:

You have requested an opinion of this office on the following questions.

1. "Is a corporation selling motor boats or sporting goods, articles not specifically mentioned in Article 286(a), V.A.P.C., prohibited from selling same on Sunday?"

2. "If two stores are incorporated separately under different names in the State of Texas, but over eighty (80%) per cent of the stockholders are the same persons, are they considered a chain store and, there-fore, required to close the same day under Article 286(a), V.A.P.C., if said stores sell specific articles mentioned therein? Under the same facts, if they are not selling specific articles mentioned under Article 286(a), V.A.P.C., what would be the results under Article 286?"

Section 5a of Article 286(a), Vernon's Penal Code, provides as follows:

"It is the intent of the Legislature that Articles 286 and 287 of the Penal Code of Texas are not to be considered as repealed by this Act; provided, however, that the provisions of said Articles shall not apply to sales of items listed in Section 1 of this Act which are forbidden to be sold on the day or days named in this Act."

Article 286, Vernon's Penal Code, provides in part as follows:

"Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employee of any such person, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars...."

Article 286(a), Section 1, Vernon's Penal Code, provides as follows:

"Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets; washing machines; driers; cameras; hardware; tools, excluding nonpower driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense."

Article 287 exempts certain businesses and dealers as to sales made by them before nine (9:00) a.m., and the sales of certain

other products, materials and services. The exempted items, however, do not cover motor boats or sporting goods. We therefore, concur in your conclusion that, inasmuch as motor boats are not specifically mentioned in Section 1 of Article 286(a), Article 286 applies and under the terms of Article 286, motor boats cannot be sold on Sunday.

As to sporting goods, a different interpretation would apply. The term "sporting goods" covers a variety of items, i.e. hunting jackets, caps, fishing waders, tennis shoes, track shoes, football equipment including helmets, jerseys, tennis rackets, golf supplies, etc. Insofar as sporting goods falls into the category of "clothing", "clothing accessories", "wearing apparel", "foot wear", "head wear" or other enumerated items in Section 1, Article 286(a) would apply and the merchant may choose whether or not he will sell these items on Saturday or Sunday as long as he does not sell these items on the two consecutive days of Saturday or Sunday.

This office has held, in Opinion No. WW-1333, that guns and ammunition are included in the definition of "hardware", one of the enumerated items of Article 286(a), Vernon's Penal Code. A copy of that opinion is attached hereto. Therefore, insofar as the terms sporting goods includes guns and ammunition, these items fall within its provisions. Other individual sporting good items not covered in the enumeration of items listed in Section 1 of Article 286(a) would be covered by Article 286 unless exempted

by Article 287.

In your second question, you inquire whether two separately incorporated stores would be covered under Article 286(a), Vernon's Penal Code, where the stockholders of the separate corporations include eighty (80%) per cent of the same stockholders in each corporation. Section 1 of Article 286(a), quoted above, applies to "any person", and provides that a violation thereof is a misdemeanor offense. This section cannot apply to corporations, as corporations cannot be tried under the criminal laws of Texas. 14 Tex. Jur.2d 538, Corporations, Sec. 448. We, therefore, hold that the provisions of Section 4 of Article 286(a) apply to corporations. However, each of the corporations is a separate legal entity and under the provisions of Article 286(a), each is entitled to decide whether to stay open on Saturday or Sunday, so long as the particular corporation does not stay open on the consecutive days of Saturday or Sunday, and so long as Section 1 is not violated by any "person". Had the Legislature intended to provide for the inclusion of separate stores as a single entity if owned by any particular single group of stockholders they could have so provided as they did in Article 17.06 of Title 122a, Taxation-General, Vernon's Civil Statutes. Where the store sells items not enumerated in Section 1 of Article 286(a), Vernon's Penal Code, Article 286, Vernon's Penal Code, would apply and under that article such sales could not be made on Sunday in any event by either corporation.

## S U M M A R Y

Article 286(a), Vernon's Penal Code, does not cover the sale of motor boats but such sale of motor boats is covered in Article 286, Vernon's Penal Code, and motor boats under that Article cannot be sold on Sunday.

Article 286(a) does not include "sporting goods" as such. However, individual sporting good items may be included, i.e. wearing apparel, tennis shoes, hunting jackets, guns and ammunition, etc. Items not included by the enumeration in Section 1 of Article 286(a) fall under the provisions of Article 286 and cannot be sold on Sunday.

Two separately incorporated stores owned eighty(80%) per cent by the same stockholders but twenty (20%) per cent by individual separate members of the public fall within the provisions of Article 286(a). However, such corporations are individual entities and insofar as they sell articles enumerated in Section 1 of Article 286(a), they can separately choose to stay open on either of the consecutive days of Saturday or Sunday. Where such corporations sell articles not enumerated in Section 1 of Article 286(a), they are subject to Article 286, Vernon's Penal Code, and cannot sell these items on

Sunday unless such items are exempt by Article 287.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Assistant Attorney General

NVS:sm

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Pat Bailey
Iola Wilcox
Gordon Zuber

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore